IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>GORDMANS STORES, INC., et al.,<br><br>                Debtor(s).<br><br>META ADVISORS LLC on behalf of G-ESTATE MANAGEMENT COMPANY, INC., f/k/a GORDMANS MANAGEMENT COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>MASTERCRAFT INTERNATIONAL LIMITED,<br><br>                Defendant. | CASE NO. BK17-80304-TLS<br><br>CHAPTER 11<br><br>ADV. NO. A18-8321-TLS<br><br>**ORDER** |

    This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 23). No resistance was filed. Benjamin M. Katz and Douglas L. Lutz represent the plaintiff. No appearance has been made for the defendant. The plaintiff filed evidence and a brief and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

    This adversary proceeding was filed to avoid and recover preferential transfers. The plaintiff is authorized under the debtor's plan of liquidation to prosecute, pursue, administer, settle, litigate, enforce and liquidate causes of action, including actions under chapter 5 of Bankruptcy Code to recover payments made to the debtors' creditors prior to the petition date. The plaintiff alleges that $93,667 was transferred to the defendant within 90 days before the petition date and is avoidable as a preference.

    "In general, an avoidable preference is a transfer of the debtor's property, to or for the benefit of a creditor, on account of the debtor's antecedent debt, made less than ninety days before bankruptcy while the debtor is insolvent, that enables the creditor to receive more than it would in a Chapter 7 liquidation." *Cox v. Momar Inc. (In re Affiliated Foods S.W. Inc.)*, 750 F.3d 714, 717 (8th Cir. 2014) (citing 11 U.S.C. § 547(b)). The movant bears the burden of proving the elements of avoidability under § 547(b) by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (B.A.P. 8th Cir. 2000).

    In this case, the defendant Mastercraft had a multi-year business relationship with the debtor to supply décor, textiles, decorative accessories, and giftware for resale in the debtor's

stores. The debtor would submit purchase orders to Mastercraft, and Mastercraft would ship the merchandise to the debtor on credit. Until May 31, 2014, the parties operated under net 30 credit terms. On that date, the parties changed to net 60 credit terms to align with the industry standard.

The debtor filed its Chapter 11 bankruptcy petition on March 13, 2017. Within the 90 days prior to that date, the debtor made four payments to Mastercraft from the debtor's operating account for merchandise previously delivered:

| Check No. | Check Issue Date | Amount |
|---|---|---|
| 910467 | 12/19/2016 | $2,288 |
| 910973 | 12/23/2016 | $5,712 |
| 911267 | 12/28/2016 | $2,528 |
| 911895 | 1/4/2017 | $83,139 |
|  |  | $93,667 |

The evidence in support of this motion establishes that each of these transfers of the debtor's property was made less than 90 days before bankruptcy to pay antecedent debt while the debtor was statutorily and factually insolvent, and enabled Mastercraft – a general unsecured creditor – to receive more than it would have in a Chapter 7 case, as unsecured creditors under the debtor's liquidation plan will receive less than 100 percent of their claims. Therefore, these transfers are avoidable under § 547(b).

The Bankruptcy Code also authorizes the plaintiff to recover, for the benefit of the estate, the property or the value of the transferred property from the defendant. 11 U.S.C. § 550(a). The plaintiff further requests that any claim held by Mastercraft be disallowed under 11 U.S.C. § 502(d) until such time as Mastercraft pays the amount for which it is liable under § 550. That request is granted.

In March 2019, Mastercraft filed an answer to the amended complaint, admitting or denying certain allegations but primarily stating Mastercraft lacked sufficient information to be able to admit or deny many of the allegations. Mastercraft's answer also raised the affirmative defenses of contemporaneous exchange for new value under § 547(c)(1)(A) and (B), ordinary course of business under § 547(c)(2)(A) and (B), and new value given under § 547(c)(4).

The next entry on the docket is a September 2019 motion by Mastercraft's attorney for leave to withdraw as counsel due to lack of communication with the necessary representatives of the defendant, a company based overseas. The motion was granted. No other counsel has made an appearance for Mastercraft, and no opposition to this motion for summary judgment was filed.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

> [I]f the moving party meets its burden, the party opposing the motion must establish a genuine factual issue. *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013). The party opposing the motion may not rest on mere allegations or pleading denials, *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010), or "merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoted in *Residential Funding*, 725 F.3d at 915). Instead, the party opposing the motion must substantiate its allegations with admissible, probative evidence that would permit a finding in its favor on more than speculation or conjecture. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoted in *Spaulding v. Conopco, Inc.*, 740 F.3d 1187, 1190-91 (8th Cir. 2014)); *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997) (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

*Hansmeier v. McDermott (In re Hansmeier)*, 558 B.R. 299, 302 n.7 (B.A.P. 8th Cir. 2016).

Because Mastercraft has not demonstrated the existence of any factual dispute, the plaintiff is entitled to summary judgment on each count of its amended complaint.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 23) is granted. Separate judgment will be entered.

DATED: June 29, 2021

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Douglas L. Lutz
    *Benjamin M. Katz
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.